UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ANDREW ADAMS, | : | |
| | : | |
| Plaintiff, | : | Case No.:  3:11 cv 00427 (JCH) |
| | : | |
| | : | |
| vs. | : | |
| | : | |
| FESTIVAL FUN PARKS, LLC, d/b/a | : | |
| LAKE COMPOUNCE THEME PARK, | : | |
| | : | |
| Defendant. | : | October 6, 2011 |

**Jury Trial Demanded**

**FIRST AMENDED COMPLAINT**

Plaintiff, Andrew Adams, by and through his attorneys, Sabatini and Associates,

LLC, complaining of the defendant, respectfully alleges:

**PARTIES**

1. Plaintiff Andrew Adams is a Connecticut citizen residing in the City of Bristol.

2. Defendant, Festival Fun Parks, LLC d/b/a Lake Compounce Theme Park. is a

limited liability company organized and existing under the laws of the State of Delaware.

Defendant's principal place of business is 4590 Macarthur Blvd., Newport Beach,

California.

3. At all times material, plaintiff is an employee within the meaning of the

Americans With Disabilities Act of 1990 (ADA), Title VII and the Connecticut Fair

Employment Practices Act 46a-60(a)(1) *et seq.*

4. At all times material, defendant is an employer within the meaning of the

ADA, Title VII and the Connecticut Fair Employment Practices Act 46a-60(a)(1) *et seq.*

## JURISDICTION AND VENUE

5.  The Court has jurisdiction pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343 and this action is brought pursuant to: the American With Disabilities Act of 1990, cited as 42 U.S.C. §12101 and Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991.

6.  This Court has personal jurisdiction over the Parties and venue is proper under 28 U.S.C. §1391(b) in that a substantial part of the events or omissions giving rise to the claim occurred in the State of Connecticut.

## GENERAL ALLEGATIONS

7.  Plaintiff is suffers from mental retardation.

8.  Plaintiff is male.

9.  At all times material, Defendant employs fifteen (15) or more individuals.

10.  In May 2008, defendant hired the plaintiff as a full time employee with the job title of Maintenance Helper.

11.  Plaintiff worked at defendant's Lake Compounce Theme Park located in Bristol, Connecticut.

12.  Plaintiff was subjected to sexual harassment by his co-employees including Justin Walters.

13.  Defendant, by and through its employees, called the plaintiff stupid.

14.  Defendant, by and through its employees, told the plaintiff that he did not know what he was doing.

15.  Defendant, by and through its employees, wrote the word "sucks" next to plaintiff's name located on plaintiff's blow torch.

16. Defendant, by and through its employees, threw and smashed an apple on plaintiff's truck.

17. Defendant, by and through its employee, Walters, told the plaintiff that being on his knees was his best position and that he liked being on his knees because he liked guys so much.

18. Walters would repeatedly make the above-referenced comment when plaintiff was required to get on his knees to perform his job duties.

19. Defendant, by and through its employees Walters, told the plaintiff that he "had" plaintiff's mother last night and that she was good.

20. Plaintiff complained to his immediate supervisor, John Fitch, about the harassment.

21. Fitch told the plaintiff that he would have to deal with it if he wanted to work in the department.

22. Fitch failed to end the harassment.

23. Upon information and belief, Fitch failed to make any effort to end the harassment.

24. Plaintiff spoke to Fitch's supervisor, Mario Abela about the harassment by Walters and was told to give Walters a chance and that he was not so bad.

25. Plaintiff spoke to defendant's general manager, Jerry Brick, and asked if he could find a new position to work because of the problems he was having.

26. Plaintiff asked if he could work in the painting department.

27. Defendant told the plaintiff that there were no open positions in the painting department.

28. On October 31, 2009, defendant terminated plaintiff's employment.

29. At all times material, defendant was aware of plaintiff's mental disability.

30. Defendant sexually harassed the plaintiff and harassed the plaintiff on the basis of his disability.

31. At all times material, plaintiff's disability does not prevent him from performing the essential functions of his job with or without a reasonable accommodation.

32. Any excuse to be given by the defendant regarding plaintiff's termination would be a pretext for the termination.

33. Plaintiff filed charges on the following date: February 22, 2010 with the Equal Employment Opportunity Commission (EEOC).

34. Plaintiff's receipt of the right to sue letter is pending.

35. Plaintiff filed charges on the following date: February 22, 2010, with the Commission on Human Rights and Opportunities (CHRO).

36. Plaintiff received a release of jurisdiction (copy attached as Exhibit 1) on the following date: December 29, 2010.

## FIRST COUNT
### (Disability Discrimination In Violation Of The ADA)

1. Plaintiff repeats the allegations in paragraphs 1 through 41 above as if fully incorporated herein.

37. Defendant's actions violate the Americans With Disabilities Act of 1990 as amended, which prohibits discrimination on the basis of disability.

38. Defendant, by and through its agents and/or employees, violated the Americans With Disabilities Act, in one or more of the following ways:

(a)     In that defendant interfered with plaintiff's privilege of employment on the basis of plaintiff's disability;

(b)     In that defendant discriminated against the plaintiff in such a way that it adversely affected his status as an employee including termination;

(c)     In that defendant terminated plaintiff's employment; and

(d)     In that defendant treated the plaintiff adversely different from similarly situated non-disabled employees;

39.  As a direct and proximate result of defendant's unequal treatment and discrimination, plaintiff has been deprived of his employment and equal employment opportunities because of her disability.

40.  As a further direct and proximate result of defendant's discrimination of the plaintiff, plaintiff has been deprived of income, wages, and benefits.

41.  As a further result of defendant's termination and discrimination of the plaintiff, plaintiff has suffered severe humiliation, embarrassment, emotional distress, and harm to professional reputation.

42.  Plaintiff has suffered and will continue to suffer injuries and losses as a result of defendant's wrongful and discriminatory acts.

43.  Defendant's conduct towards the plaintiff was arbitrary and discriminatory all in violation of the ADA.  The defendant exhibited ill will, malice, improper motive and indifference to the plaintiff's civil rights by terminating his employment on the basis of his disability.

## SECOND COUNT
### (Disability Discrimination in Violation of C.G.S. §46a-60(a)(1))

1. Plaintiff repeats the allegations in paragraphs 1 through 43 above as if fully incorporated herein.

44. Defendant, by and through its agents, servants, and/or employees, violated the Connecticut Fair Employment Practices Act C.G.S. §46a-60a *et seq.* in one or more of the following ways.

a.     In that defendant interfered with plaintiff's privilege of employment on the basis of plaintiff's disability;

b.     In that defendant limited and classified the plaintiff by his disability in such a way that deprived him of opportunities and recognition given to other similarly situated coworkers;

c.     In that defendant discriminated against the plaintiff in such a way that adversely affected his status as an employee;

d.     In that defendant treated the plaintiff adversely different from similarly situated non-disabled employees;

e.     In that defendant terminated plaintiff's employment on account of his disability; and

f.     In that defendant intentionally discriminated against the plaintiff;

45. As a direct and proximate result of defendant's unequal treatment and discrimination, plaintiff has been deprived of his employment and equal employment opportunities because of his disability.

46. As a further direct and proximate result of defendant's discrimination of the plaintiff, plaintiff has been deprived of income, wages, and benefits.

47. As a further result of defendant's termination and discrimination of the plaintiff, plaintiff has suffered severe humiliation, embarrassment, emotional distress, and harm to professional reputation.

48. Plaintiff has suffered and will continue to suffer injuries and losses as a result of defendant's wrongful and discriminatory acts.

49. Defendant's conduct towards the plaintiff was arbitrary and discriminatory all in violation of the C.G.S. Section 46a-60(a)(1). The defendant exhibited ill will, malice, improper motive and indifference to the plaintiff's civil rights by terminating him employment on the basis of his disability.

## THIRD COUNT
### (Gender Discrimination in Violation of C.G.S. §46a-60(a)(1))

1. Plaintiff repeats the foregoing allegations as if the same were repeated herein.

50. Defendant's actions violated Connecticut Fair Employment Practices Act, C.G.S. §46a-60(a)(1) as amended, which prohibit discrimination on the basis of gender in one or more of the following ways:

(a)     In that defendant terminated plaintiff's employment because of his gender;

(b)     In that defendant interfered with plaintiff's privilege of employment on the basis of plaintiff's gender;

(c)     In that defendant limited and classified the plaintiff by his gender in such a way that deprived herein of opportunities and recognition given to other similarly situated coworkers;

(d)     In that defendant discriminated against the plaintiff in such a way that adversely affected his status as an employee;

(e)     In that defendant treated the plaintiff adversely different from similarly situated non-male employees; and

(f)     In that defendant discriminated against the plaintiff because the plaintiff did not act more masculine thus did not fit a stereotype of his gender.

51.  As a direct and proximate result of defendant's discrimination and wrongful termination, plaintiff has been deprived of his employment and equal employment opportunities because of his gender.

52.  As a further direct and proximate result of defendant's discrimination of the plaintiff, plaintiff has been deprived of income, wages and benefits.

53.  As a further result of defendant's termination and discrimination of the plaintiff, plaintiff has suffered severe humiliation, embarrassment and emotional distress.

54.  Plaintiff has suffered and will continue to suffer injuries as a result of defendant's wrongful and discriminatory acts.

55.  Defendant's termination and unequal treatment of the plaintiff was arbitrary, unreasonably discriminatory and retaliatory all in violation of Connecticut's Fair Employment Practices Act. The defendant exhibited ill will, malice, improper motive, and indifference to the plaintiff's civil rights by terminating him on the basis of his gender.

## FOURTH COUNT
### (Gender Discrimination in Violation of Title VII)

1.  Plaintiff repeats the foregoing allegations as if the same were repeated herein.

56.  Defendant's actions violated Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991 in one or more of the following ways.

(a)     In that defendant terminated plaintiff's employment because of his gender;

(b)   In that defendant interfered with plaintiff's privilege of employment on the basis of plaintiff's gender;

(c)   In that defendant limited and classified the plaintiff by his gender in such a way that deprived herein of opportunities and recognition given to other similarly situated coworkers;

(d)   In that defendant discriminated against the plaintiff in such a way that adversely affected his status as an employee;

(e)   In that defendant treated the plaintiff adversely different from similarly situated non-male employees; and

(f)   In that defendant discriminated against the plaintiff because the plaintiff did not act more masculine thus did not fit a stereotype of his gender.

57.   As a direct and proximate result of defendant's discrimination and wrongful termination, plaintiff has been deprived of his employment and equal employment opportunities because of his gender.

58.   As a further direct and proximate result of defendant's discrimination of the plaintiff, plaintiff has been deprived of income, wages and benefits.

59.   As a further result of defendant's termination and discrimination of the plaintiff, plaintiff has suffered severe humiliation, embarrassment and emotional distress.

60.   Plaintiff has suffered and will continue to suffer injuries as a result of defendant's wrongful and discriminatory acts.

61.   Defendant's termination and unequal treatment of the plaintiff was arbitrary, and unreasonably discriminatory all in violation of Title VII. The defendant exhibited ill will, malice, improper motive, and indifference to the plaintiff's civil rights by

terminating him on the basis of his gender.

## FIFTH COUNT
**(Hostile Work Environment Sexual Harassment In Violation of Title VII)**

1. Plaintiff repeats the foregoing allegations as if the same were repeated herein.

62. Plaintiff was repeatedly subjected to sexual harassment by his co-worker. The harassment was repetitious and continuous.

63. The harassment was unwelcome.

64. The harassment was based upon his gender and was sexual in nature.

65. Plaintiff subjectively, reasonably and objectively perceived his work environment to be hostile.

66. Defendant knew or should have known that the plaintiff was being sexually harassed and unreasonably failed to stop the sexual harassment.

67. As a direct and proximate result of the hostile work environment sexual harassment, plaintiff suffered damages.

## SIXTH COUNT
**(Hostile Work Environment Sexual Harassment In Violation of C.G.S. §46a-60(a)(1)))**

1. Plaintiff repeats the foregoing allegations as if the same were repeated herein.

68. Plaintiff was repeatedly subjected to sexual harassment by his co-worker. The harassment was repetitious and continuous.

69. The harassment was unwelcome.

70. The harassment was based upon his gender and was sexual in nature.

71. Plaintiff subjectively, reasonably and objectively perceived his work environment to be hostile.

72. Defendant knew or should have known that the plaintiff was being sexually

harassed and unreasonably failed to stop the sexual harassment.

73. As a direct and proximate result of the hostile work environment sexual harassment, plaintiff suffered damages.

## SEVENTH COUNT
### (Retaliation In Violation of Connecticut Fair Employment Practices Act C.G.S. §46a-60(a)(4))

1. Plaintiff repeats and re-alleges the allegations set forth above as though fully set forth herein.

74. Defendant, by and through its agents, servants, and/or employees, violated the Connecticut Fair Employment Practices Act C.G.S. §46a-609(a)(4) *et seq.* in one or more of the following ways.

   a.   In that defendant retaliated against the plaintiff in response to his complaint that he was being sexually harassed;

   b.   In that defendant retaliated against the plaintiff for his protesting of discriminatory conduct and treatment directed towards him on the basis of his disability.

75. As a result of defendant's violation of Connecticut Fair Employment Practices Act C.G.S. §46a-60(a)(4), plaintiff suffered damages including: loss of employment, loss of income and wages and benefits, and harm to his professional reputation.

76. As a further result of defendant's retaliatory termination of the plaintiff, plaintiff has suffered severe humiliation, embarrassment, and emotional distress.

77. Plaintiff has suffered and will continue to suffer injuries as a result of defendant's wrongful and retaliatory acts.

78. Defendant's retaliatory conducted toward the plaintiff was arbitrary,

unreasonably discriminatory and retaliatory all in violation of Connecticut Fair Employment Practices Act C.G.S. §46a-609(a)(4) *et seq*. The defendant exhibited ill will, malice, improper motive, and indifference to the plaintiff's civil rights by retaliating against him.

## EIGHTH COUNT
### (Retaliation In Violation of Title VII)

1. Plaintiff repeats and re-alleges the allegations set forth above as though fully set forth herein.

79. Defendant, by and through its agents, servants, and/or employees, violated Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991. in one or more of the following ways.

   a.    In that defendant retaliated against the plaintiff in response to his complaint that he was being sexually harassed;

   b.    In that defendant retaliated against the plaintiff for his protesting of discriminatory conduct and treatment directed towards him on the basis of his disability.

80. As a result of defendant's violation of Title VII, plaintiff suffered damages including: loss of employment, loss of income and wages and benefits, and harm to his professional reputation.

81. As a further result of defendant's retaliatory termination of the plaintiff, plaintiff has suffered severe humiliation, embarrassment, and emotional distress.

82. Plaintiff has suffered and will continue to suffer injuries as a result of defendant's wrongful and retaliatory acts.

83. Defendant's retaliatory conducted toward the plaintiff was arbitrary, unreasonably discriminatory and retaliatory all in violation of Title VII. The defendant

exhibited ill will, malice, improper motive, and indifference to the plaintiff's civil rights by retaliating against him.

## DEMAND FOR RELIEF

WHEREFORE, plaintiff prays for appropriate compensatory damages including: compensatory damages; damages for back pay, front pay, bonuses, personal days, lost pension benefits, emotional distress; consequential damages; punitive damages; reasonable attorneys' fees; costs; interest; job reinstatement; prejudgment interest; for an injunction requiring the removal of any and all adverse information contained in plaintiff's personnel file; for a trial by jury; and for all other just and proper relief.


DATE:   October 6, 2011


                                        __/s/ James Sabatini_____
                                        James V. Sabatini, Esq.
                                        Fed. No.: CT 19899
                                        SABATINI AND ASSOCIATES, LLC
                                        1 Market Square
                                        Newington, CT 06111
                                        Tel. No.: (860) 667-0839
                                        Fax No.: (860) 667-0867
                                        Email: jsabatini@sabatinilaw.com


                                        ATTORNEY FOR PLAINTIFF

## ELECTRONIC CERTIFICATE OF SERVICE

       I hereby certify that on October 6, 2011 a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated in the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.


                                         /s/ James V. Sabatini
                                         James V. Sabatini

**EXHIBIT 1**

# STATE OF CONNECTICUT
## COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES

**Andrew Adams**
COMPLAINANT

vs.                                                    **DATE: December 29, 2010**

**Palace Entertainment d/b/a Lake Compounce Theme Park**
RESPONDENT

CHRO Case No. 1030252

# RELEASE OF JURISDICTION

Pursuant to the request for a release of jurisdiction, the Commission on Human Rights and Opportunities hereby releases its jurisdiction over the above-identified complaint in accordance with CONN. GEN. STAT. § 46a-101.  The Complainant is authorized to commence a civil action in accordance with CONN. GEN. STAT. § 46a-100 against the Respondent in the Superior Court for the judicial district in which the discriminatory practice is alleged to have occurred or in which the Respondent transacts business.  If this action involves a state agency or official, it may be brought in the Superior Court for the judicial district of Hartford.

**A copy of any civil action brought pursuant to this release must be served on the Commission at 25 Sigourney Street, Hartford, CT 06106 at the same time all other parties are served. THE COMMISSION MUST BE SERVED BECAUSE IT HAS A RIGHT TO INTERVENE IN ANY ACTION   BASED ON A RELEASE OF JURISDICTION PURSUANT TO CONN. GEN. STAT. § 46a-103.**

In granting this release, the Commission expressly finds in accordance with CONN. GEN. STAT. §§ 46a-100 and 46a-101(b) that all conditions precedent to the issuance of the release have been met.  The complaint was timely filed under CONN. GEN. STAT. § 46a-82 and the complaint has been pending for a period of not less than 210 days.  The complaint is not currently scheduled for public hearing nor is there reason to believe that the complaint will be resolved within a period of 30 days from the date the Commission received the request.

The Complainant must bring an action in Superior Court within 90 days of receipt of this release and within two years of the date of filing the complaint with the Commission unless circumstances tolling the statute of limitations are present.

With the granting of this release of jurisdiction, the Commission administratively dismisses this complaint in accordance with CONN. GEN. STAT. § 46a-101(d) without cost or penalty to any party.

Very truly yours,

Robert J. Brothers, Jr.
Executive Director

cc:  Complainant:'s counsel James V. Sabatini by e-mail to: jsabatini@sabatinilaw.com
Respondent's Attorney: Christopher H. Mills by e-mail to: cmills@laborlawyers.com