UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ANDREW ADAMS, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CASE NO.: 3:11-cv-00427-JCH |
| : | |
| FESTIVAL FUN PARKS, LLC, : | |
| D/B/A LAKE COMPOUNCE, : | |
| : | |
| Defendant. : | |

**LOCAL RULE 56(a)1 STATEMENT OF DEFENDANT FESTIVAL FUN PARKS, LLC D/B/A LAKE COMPOUNCE**

1. Festival Fun Parks owns and operates the Lake Compounce theme park located in Bristol, Connecticut, where Plaintiff was employed. See Declaration of Gerard Brick at ¶ 3, a true and correct copy of which is attached to Defendant's Memorandum of Law in Support of Motion for Summary Judgment as Exhibit C (hereinafter "Exhibit C to Mem.")).

2. Gerard ("Jerry") Brick is the general manager of the Lake Compounce theme park, and has been since January 1, 2005. See Exhibit C to Mem. at ¶ 2.

3. Plaintiff was a Mechanic Helper at the Lake Compounce theme park at the time of the termination of his employment. See January 20, 2012 deposition of Plaintiff at 16:6-10. A true and correct copy of the relevant portions of Plaintiff's deposition is attached to Defendant's Memorandum of Law in Support of Motion for Summary Judgment as Exhibit B (hereinafter "Exhibit B to Mem.").

4. Plaintiff's duties as a Mechanic Helper included washing parts of the rides, assisting other mechanics take things apart, cleaning out the shop, and assisting with various park departments as needed. See Exhibit B to Mem. at 16:11-19.

5. Plaintiff previously worked for Lake Compounce as a seasonal employee each summer in the years between 1997 and 2007. See Exhibit B to Mem. at 13:15-19, 13:25-14:4, 14:12-15, 15:14-16:1.

6. Between 1997 and 2003, Adams held various positions at Lake Compounce, including ride operator, ride trainer, and assistant ride supervisor. See Exhibit B to Mem. at 13:15-14:11.

7. In August of 2003, before the conclusion of the 2003 season, Adams voluntarily resigned his employment with Lake Compounce. See Exhibit B to Mem. at 14:12-25.

8. Adams voluntarily resigned his employment with Lake Compounce in August of 2003 by orally notifying park management that he was resigning. See Exhibit B to Mem. at 15:2-5.

9. Adams reapplied for a position at Lake Compounce in 2004 and returned as a seasonal employee in 2004. See Exhibit B to Mem. at 22:13-18.

10. Adams worked at Lake Compounce during the 2004 through 2007 seasons in various capacities, including as an assistant ride coach and a housekeeping supervisor. See Exhibit B to Mem. at 15:14-22.

11. Plaintiff became a full-time employee of Lake Compounce in 2008. See Exhibit B to Mem. at 15:23-16:10.

12. Plaintiff held the position of Mechanic Helper while employed by Lake Compounce in 2008 and 2009. See Exhibit B to Mem. at 16:6-10.

13. In October 2009, Plaintiff resigned his employment with Lake Compounce. See Exhibit B to Mem. at 90:4-5; 92:16-17.

14. No one at Lake Compounce ever told Plaintiff he was being terminated or fired. See Exhibit B to Mem. at 89:24-90:5.

15. Plaintiff never complained to anyone at Lake Compounce that he was being sexually harassed. See Exhibit B to Mem. at 102:1-3.

16. Plaintiff never complained to anyone at Lake Compounce that he thought that he was being discriminated against based on his gender or sex. See Exhibit B to Mem. at 101:22-25.

17. At the time Plaintiff resigned his employment, there were no open positions in the paint shop at Lake Compounce. See Exhibit B to Mem. at 84:13; Exh. C to Mem. at ¶ 4.

18. At the time he resigned, Plaintiff had no knowledge of any additional staff being added to the paint shop in 2009. See Exhibit B to Mem. at 86:20-23.

19. There have been no open positions in the paint shop since Plaintiff resigned his employment. See Exhibit C to Mem. at ¶ 5.

20. No new positions have been created in the paint shop at Lake Compounce since Plaintiff resigned his employment. See Exhibit C to Mem. at ¶ 6.

21. Plaintiff's alleged disabilities played no part in the decision not to transfer him to the paint shop. See Exhibit C to Mem. at ¶ 7.

22. During his employment with Lake Compounce, Plaintiff approached a female co-worker named Brynn Goldbeck and asked her if "she wanted to go to bed." See Exhibit B to Mem. at 80:18-22.

23. When Plaintiff was offered a position in the mechanic's shop, his supervisors notified him that in that position, he would hear the occasional off-color comment and his performance may be occasionally criticized. See Exhibit B to Mem. at 99:9-21.

24. In support of his claim that he is disabled, Plaintiff has produced what appears to be the introductory pages of a diagnostic assessment and educational plan that were prepared in 1990. A true and correct copy of these documents is attached to Exhibit B to Mem. as Exhibit D-9. Plaintiff does not have and has not produced the actual assessment referenced in these documents. See Exhibit B to Mem. at 117:8-21.

Respectfully Submitted,

Dated: March 15, 2012

FISHER & PHILLIPS LLP

*/s/ Risa B. Boerner*
Risa B. Boerner
Attorney I.D. No. ct28341
James P. McLaughlin
Attorney I.D. No. phv05264
Fisher & Phillips LLP
201 King of Prussia Rd., Suite 650
King of Prussia, PA  19087
Telephone: (610) 230-2150
Facsimile: (610) 230-2151
E-Mail: rboerner@laborlawyers.com
         jmclaughlin@laborlawyers.com

*Attorneys for Defendant Festival Fun Parks, LLC d/b/a Lake Compounce*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 15, 2012, a copy of the foregoing was filed electronically and served electronically on all attorneys and pro se parties of record as listed below.  Notice of this filing will be sent be e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's CM/ECF system.

> James V. Sabatini, Esquire
> Sabatini and Associates, LLC
> 1 Market Square
> Newington, CT 06111
>
> Attorney for Plaintiff

>                          */s/ Risa B. Boerner*
>                          Risa B. Boerner